

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § | |
| v. | § § | CASE NO. 1:91-CR-46(1) |
| **JAMES BERRY, JR.** | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(I) and 3583(e). The United States alleges that Defendant, James Berry, Jr., violated conditions of supervised release imposed by United States District Judge Joe J. Fisher of the Eastern District of Texas. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation or modification of Defendant's supervised release [Clerk's doc. #1]. The Court conducted a hearing on February 25, 2009, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that Defendant has violated conditions of

supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

 a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

 b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On January 29, 1992, the Honorable Joe J. Fisher, United States District Judge for the Eastern District of Texas, sentenced Defendant after he was found guilty to the offenses of convicted felon in possession of firearm, convicted felon in possession of ammunition, and carrying a firearm during and in relation to a drug trafficking crime, Class A and D felonies respectively. Mr. Berry was originally sentenced to twenty years imprisonment (including the terms for each respective count to run concurrently), to be followed by five (5) years of supervised release, subject to the standard conditions of release, plus special conditions to include the defendant shall not possess a firearm or other dangerous weapon; drug aftercare; and mental health aftercare.

On January 20, 1993, Judge Fisher resentenced Mr. Berry based upon the Government's

dismissal of the felon in possession of ammunition charge. Mr. Berry's new sentence included a fifteen year imprisonment term, also comprised of concurrent sentences on the remaining convictions. On July 9, 2007, Mr. Berry completed his period of imprisonment and began service of the supervision term.

Judge Fisher has since passed away. Accordingly, on August 27, 2007, this proceeding was transferred to the docket of United States District Judge Ron Clark.

### B. Allegations in Petition

The United States alleges that Defendant violated the following standard condition of supervised release:

*The defendant shall not leave the judicial district without permission of the Court or probation officer.*

Specifically, on October 6, 2008, Mr. Berry was questioned by United States Secret Service Agent Dee Neely, and McClennan County, Texas, Sheriff's Office Corporal Burrow, near Crawford, Texas.

### C. Evidence presented at Hearing:

At the hearing, the Government offered the following evidence as its factual basis for the allegations set out *supra*. The Government would present the testimony of Secret Service Agent Neely and Corporal Burrow who would testify that on October 6, 2008, they found Mr. Berry in McClennan County, Texas, which is outside the Eastern District of Texas. Testimony would further establish that Mr. Berry did not have the permission of his Probation Officer to leave the Eastern District of Texas.

Defendant, James Berry, Jr., offered a plea of true to the allegations. Specifically, Mr. Berry

agreed with the evidence and pled true to the allegation that he left the judicial district without permission in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that Defendant violated a standard condition of his supervised release by leaving the judicial district without the permission of the probation officer. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.3(a)(2). Upon finding a Grade C violation, the Court may revoke Defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2); 18 U.S.C. § 3583(g).

Based upon the Defendant's criminal history category of III and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from five (5) to eleven (11) months. *See* U.S.S.G. § 7B1.4(a). Because the original offenses of conviction included a Class A felony, the statutory maximum imprisonment term upon revocation is five (5) years, less any time the Defendant has already served in prison for a previous revocation. *See* 18 U.S.C. § 3583(e)(3).

If the Court revokes a defendant's term of supervision and orders the defendant to serve a term of imprisonment for that revocation, the Court may also require that the defendant be placed on a new term of supervised release. *See* 18 U.S.C. § 3583(h). In cases where the original offense occurred prior to September 13, 1994, under the earlier version of 18 U.S.C. § 3583, the Court is authorized to reimpose a term of supervised release after "reimprisonment" based upon a revocation of supervised release. *See Johnson v. United States*, 528 U.S. 694, 723 (2000). The maximum term that can be reimposed is the original term of supervised release less any imprisonment term served

for a previous revocation. *Id.* at 697, 704.

The Fifth Circuit has stated that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and Defendant's own admission supports a finding that he violated his supervision conditions by leaving the judicial district without permission. He also agreed to the recommended punishment for that violation. *See Consent to Revocation of Supervised Release and Waiver of Right to Be Present and Speak at Sentencing*.

Accordingly, based upon Defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate recommends that the District Court order Defendant to serve a term of **ninety (90) days imprisonment.** The Court finds that although this sentence is less than the minimum five (5) months imprisonment suggested by the Guidelines for the Grade C violation, it is an adequate

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

sentence in light of the fact that Mr. Berry has been in the custody of the Marshals Service on the pending petition since October 2008, and that approximately six weeks of that time was spent at a Federal Correctional Institution for the purposes of a psychological evaluation of Mr. Berry's mental health and competency to proceed. Accordingly, based on this procedural history and the time the Defendant has already spent in custody, the Court finds it appropriate to deviate below the applicable Guideline range.

The Court further recommends that, upon his release from custody, Mr. Berry should be sentenced to a term of **supervised release for one (1) year.** The Court also recommends that the term of supervision should be subject to the following conditions:

"Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

The defendant shall not illegally possess a controlled substance.

The defendant shall participate in a program approved by the U.S. probation Office for substance abuse, which may include testing to determine whether the defendant has reverted to the use of illegal drugs and/or alcohol.

Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider."

## **OBJECTIONS**

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 26th day of February, 2009.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE